IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>TIFFANY PANITZKE,<br><br>    Debtor. | Case No. 24-16380 KHT<br>Chapter 7 |

**ORDER ON OBJECTION TO EXEMPTION AND MOTION TO ABANDON**

THIS MATTER comes before the Court on (1) the *Corrected Motion to Abandon Claim for Personal Injury* (the "Motion to Abandon," docket #56), filed by Debtor Tiffany Panitzke ("Debtor"), the Response thereto (docket #57), filed by Chapter 7 Trustee Jared Walters ("Trustee"), and the Reply thereto (docket #61), filed by Debtor; and (2) the *Trustee's Objection to Debtor's Claim of Exemption* (the "Objection to Exemption," docket #58), filed by Trustee, and the Response thereto (docket #60), filed by Debtor. The Court, having reviewed the pleadings and the file, and being advised in the premises, hereby finds and concludes as follows:

**I.   BACKGROUND**

The relevant facts are undisputed. Debtor filed a Chapter 13 bankruptcy petition in this Court on October 28, 2024. At the time she filed her bankruptcy petition, she lived in Minnesota. On her Schedule C, she claimed exemptions in personal property under Colo. Rev. Stat. § 13-54-102(1) and § 13-54-104. Debtor subsequently converted her case to one under Chapter 7, and Trustee was duly appointed.

In the Objection to Exemption, Trustee asserts Debtor may not claim Colorado exemptions because she did not live in Colorado on her petition date. In the Response to the Motion to Abandon, Trustee further asserts even if Debtor may claim Colorado exemptions, she has not shown the damages from her automobile accident fall within Colorado's exemption such that they should be abandoned. The Court will address the parties' contentions below.

**II.   DISCUSSION**

The determination of which state's exemptions laws apply is a threshold issue, so the Court will address it first.

    **A.   Applicability of Colorado Exemptions**

Applicable exemption law requires an understanding of the difference between the terms "domicile" and "residence." The term "residence" simply means where a debtor is living at any particular time. The term "domicile" is different and includes an intent to remain at a particular location. *See, e.g., In re Wallwork*, 616 B.R. 395, 402 (Bankr. D.

Idaho 2020) (distinguishing "domicile" from "residence"). A person who moves from place to place may have multiple residences, but only one domicile. *Id.* Under 11 U.S.C. § 522(b)(3)(A),[1] a debtor's domicile, not residence, is what determines which exemptions may be claimed. *Id.* ("Because a debtor's domicile determines access to exemptions, the Court must consider where Debtor was domiciled, as opposed to where he resided.").

Here, on her petition date, Debtor was a Minnesota resident. But, the parties appear to agree Debtor was domiciled in Colorado during the relevant time period set forth in § 522(b)(3)(A). The Court must therefore apply Colorado exemption laws.

Trustee argues Colorado exemptions may not be claimed by those who are not Colorado residents. The Court disagrees, for the reasons set forth in *In re Crabtree*, Case No. 20-12418 KHT (Bankr. D. Colo. Sept. 21, 2021) (copy attached). Colorado's "opt-out" statute, Colo. Rev. Stat. § 13-54-107, restricts Colorado residents' ability to claim federal exemptions. It does not restrict the exemptions themselves to Colorado residents.

In his Objection to Exemption, Trustee asserts *In re Ranta*, 664 B.R. 817, 825 (Bankr. D. Colo. 2024), holds Colorado's opt-out statute "contain[s] a domicile requirement." (docket #58, ¶ 12). *Ranta* did not so hold. In *Ranta*, the debtor had moved to Colorado from California. Under § 522(b)(3)(A), debtor's domicile was California. Thus, California exemption laws applied. *Ranta* considered whether California's exemption laws could be applied extraterritorially and found they could. *Id.* The *Ranta* debtor was thus entitled to assert a California homestead exemption. Just as the *Ranta* court first determined debtor's domicile, then looked to the exemption laws of that state to determine whether they could be applied extraterritorially, so must this Court look to the exemption laws of Debtor's domicile, Colorado, to determine whether they may be applied extraterritorially.

The Court cannot find Colorado's personal property exemption statutes prohibit extraterritorial application, for the reasons set forth in Debtor's Response to the Objection to Exemption. Basic rules of statutory construction require the Court to distinguish the personal property exemptions, which do not mention a residency requirement, from the homestead exemption, which does. And, under Colorado law, exemptions must be liberally construed in favor of allowance. *See* Colo. Const., Art. XVIII § 1 ("The general assembly shall pass liberal homestead and exemption laws."); *Kulp v. Zeman (In re Kulp)*, 949 F.2d 1106, 1107 (10th Cir. 1991) (interpreting Colorado exemption statute liberally). The Court therefore finds Debtor properly claimed Colorado personal property exemptions.

### B. Extent of Colorado Exemptions

Debtor's Motion to Abandon asserts Trustee should abandon the estate's interest in Debtor's claim for damages incurred in an automobile accident, because the damages are completely exempt under Colorado law. Colorado does provide an exemption for "the

---

[1] Further references to "section" are to those of the Bankruptcy Code, 11 U.S.C., unless otherwise indicated.

proceeds of any claim for damages for personal injuries suffered by any debtor except for obligations incurred for treatment of any kind for such injuries or collection of such damages." Trustee argues the question of abandonment cannot be determined without additional information, such as whether any claims against Debtor's estate were incurred for treatment for Debtor's injuries sustained in the accident. In the Court's view, the additional information can be found in the claims registry and in Debtor's schedules, possibly supplemented by informal or formal discovery. The Court will require Trustee to abandon Debtor's claim for damages, except to the extent of treatment claims or collection claims made against the estate. If the parties cannot agree which claims are treatment claims or collection claims, they may request a hearing from the Court.

Finally, Debtor asserted an exemption in a payment a Colorado domestic relations court ordered Debtor's former spouse to make to the Internal Revenue Service. Debtor appears to admit no claim of exemption applies. Trustee's objection to that exemption will be sustained. In all other aspects, Trustee's Objection to Exemption will be overruled.

### III.  CONCLUSION

For the reasons discussed above, the Court finds Debtor's residence is Minnesota, but her domicile is Colorado. Colorado exemption laws apply. Colorado personal property exemption laws do not prohibit extraterritorial application, so Debtor is entitled to claim them. Trustee's Objection to Exemption is overruled as to all exemptions other than that claimed for the payment due from Debtor's former spouse to the Internal Revenue Service. Debtor's Motion to Abandon is granted except to the extent of treatment claims and collection claims made against the estate.

Accordingly, it is

HEREBY ORDERED that Trustee's Objection to Exemption is DENIED IN PART AND GRANTED IN PART as set forth above. It is

FURTHER ORDERED that Debtor's Motion to Abandon is GRANTED IN PART AND DENIED IN PART as set forth above.

Dated September 29, 2025               BY THE COURT:

_____
Kimberley H. Tyson
United States Bankruptcy Judge

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

In re:

DAVID G. CRABTREE,

    Debtor.

Case No. 20-12418 KHT
Chapter 7

**ORDER ON OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**
**AND REQUEST FOR TURNOVER**

THIS MATTER comes before the Court on the *Trustee's Combined Objection to Debtor's Claims of Exemptions and Request for Turnover* (the "Objection," docket #19), filed by Robertson B. Cohen, as Chapter 7 trustee ("Trustee"), and the Response thereto (docket #29), filed by David G. Crabtree, Debtor ("Debtor"). The Court has reviewed the Objection and Response, the briefs submitted by the parties (docket ##34, 35), and the file, and is advised in the premises, and hereby finds and concludes as follows:

**I.**     **JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b), and (e). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O) because it involves an objection to Debtor's claimed exemptions from property of the estate and the administration of his estate. Venue is proper in Colorado under 28 U.S.C. § 1408(1).

**II.**     **BACKGROUND FACTS**

Debtor lived in Colorado from June 2013 to February 1, 2020, when he moved to California. Specifically, from June 2017 to February 1, 2020, Debtor lived at 4379 Team Roper Place, Colorado Springs, Colorado (the "Colorado Home"). He sold the Colorado Home on February 28, 2020, and received net proceeds of $77,355.18 from the sale (the "Proceeds"). He deposited the Proceeds into an account at Coast Central Credit Union, which is located in California. Based on Debtor's Schedule B, the full amount of the Proceeds received remained in that account as of the Petition Date.

Debtor was a California resident when he filed his Chapter 7 bankruptcy petition on April 4, 2020. On his Schedule C, he claimed Colorado exemptions in certain personal property, including two vehicles ($3,122 claimed exempt under Colo. Rev. Stat. § 13-54-102(1)(j)(I)), household goods ($3,000 claimed exempt under Colo. Rev. Stat. § 13-54-102(1)(e)), clothing ($500 claimed exempt under Colo. Rev. Stat. § 13-54-102(1)(a)), and jewelry ($1,000 claimed exempt under Colo. Rev. Stat. § 13-54-

102(1)(b)). He also claimed a Colorado exemption of $75,000 in the Proceeds, under Colo. Rev. Stat. § 38-41-207.

Trustee timely filed his Objection, asserting Debtor was not entitled to claim Colorado exemptions because he was not a Colorado resident on his petition date.

### III. DISCUSSION

The Bankruptcy Code allows a debtor to exempt certain property from property of the bankruptcy estate. 11 U.S.C. § 522(b). Although the Code contains a list of exemptions allowable under federal law, *see* § 522(d), the Code also allows states to "opt out" of federal exemptions, leaving debtors with only those exemptions allowed under applicable state law. 11 U.S.C. § 522(b)(2).

Section 522(b) sets forth a formula for determining which state law applies to a debtor's exemptions. If a debtor has lived in one state for the entire 730 days immediately preceding his bankruptcy filing, the law of that state applies. If a debtor has moved during the 730-day period, the Court looks to the 180 days prior to the 730-day period. The law of the state in which a debtor lived the longest during that 180-day period applies. *See* 11 U.S.C. § 522(b)(3)(A).

Here, Debtor did not live in either California or Colorado for the entire 730-day period immediately preceding his petition date, so the Court looks to the 180-day period preceding the 730-day period. He lived in Colorado for the entire 180-day period. Therefore, the appropriate state law is that of Colorado. Colorado has "opted out" of the federal exemptions set forth in § 522(d), so Debtor's exemptions are limited to those expressly provided by Colorado statutes. *See* Colo. Rev. Stat. § 13-54-107.

Trustee argues Colorado exemptions cannot be claimed by those who are not Colorado residents. The Court disagrees. The Court does not adopt the anti-extraterritorial interpretation set forth in *In re Fernandez*, 445 B.R. 790, 798 (Bankr. W.D. Tex. 2011), *rev'd sub nom. Fernandez v. Miller (In re Fernandez)*, 2011 WL 3423373 (W.D. Tex. Aug. 5, 2011), which would prevent courts from applying any state exemption laws to non-residents. *See* Eugene R. Wedoff, *A Mobile Debtor Asks: Where Do I Find My Exemptions?*, Bankruptcy Law Letter, Vol. 37, Issue 6 (June 2017) (describing and discussing various interpretations of § 522(b), including the anti-extraterritorial and state-specific interpretations). Instead, the Court adopts the state-specific interpretation, looking to the law of the applicable state to determine whether its exemption laws may be applied extraterritorially. The state-specific interpretation gives the fullest effect to state law while also giving the fullest effect to the provisions of § 522(b). *See In re Withington,* 594 B.R. 696, 706 (Bankr. D. Colo. 2018) (adopting the state specific interpretation); *see also* Kay E. Oskvig, *Look to the States: How the State-Specific Interpretation Clarifies BAPCPA's § 522 Ambiguity and Protects State Exemption Laws*, 99 Iowa L. Rev. 867 (2014) ("This Note advocates the state-specific approach, as it prevents forum shopping without rendering state exemption laws void

or futile. The state-specific view requires courts to consider both state case law and public policy."). The Court thus turns to the specific laws of Colorado.

Trustee argues Colorado law limits Colorado exemptions to Colorado residents. In support, Trustee cites cases relying on Colorado's "opt out" statute, which provides as follows:

> The exemptions provided in section 522(d) of the federal bankruptcy code of 1978, title 11 of the United States Code, as amended, are denied to residents of this state. Exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly provided by the statutes of this state.

Colo. Rev. Stat. § 13-54-107. The phrase "exemptions authorized to be claimed by residents of this state shall be limited to those exemptions expressly provided" restricts Colorado residents' ability to claim federal exemptions. It does not restrict the exemptions themselves to Colorado residents. It neither states nor implies that exemptions are only authorized to be claimed by residents of the state. The Court adopts the analysis of *In re Kelsey*, 477 B.R. 870 (Bankr. M.D. Fla. 2012) (applying Colorado exemptions to a Florida resident), rather than that of *In re Underwood*, 342 B.R. 358 (Bankr. N.D. Fla. 2006) (finding Colorado exemptions do not apply to nonresidents).

Trustee also makes a public policy argument, asserting Colorado statutes should be interpreted in favor of Colorado residents. Certainly, the Colorado legislature intended to support Colorado residents when it enacted its exemption statutes. But favoring or supporting residents does not require excluding non-residents. *See Kelsey*, 477 B.R. at 876 ("[I]t is axiomatic to conclude that every state enacts exemption laws primarily for the benefit of its own citizens. It does not necessarily follow, however, that those exemptions cannot also have extraterritorial effect."). Exemptions are not a zero-sum game. Allowing non-residents to claim exemptions does not negatively affect any resident's right to claim exemptions. The Court cannot find Colorado law or public policy supports a blanket prohibition against extraterritorial application of Colorado exemption laws. The Court will therefore apply Colorado exemption laws to Debtor.

Turning to whether Debtor is entitled to the specific exemptions claimed, the Court first considers the personal property exemptions Debtor claimed under Colo. Rev. Stat. § 13-54-102, including two vehicles, household goods, clothing, and jewelry. The Court finds no requirement that those items of personal property be located in Colorado at the time the exemption is claimed. *See Kelsey*, 477 B.R. at 874-75. The Court will therefore overrule Trustee's objection as to the personal property claimed exempt under Colo. Rev. Stat. § 13-54-102.[1]

---

[1] It does not appear the Objection addresses specific exemptions claimed in other property, including insurance policies and wages, but to the extent the Objection includes specific exemptions not discussed, the Court overrules the Objection.

The Court next considers the Proceeds Debtor claimed exempt under Colo. Rev. Stat. § 38-41-207, as proceeds of his exempt homestead. The homestead exemption, defined in Colo. Rev. Stat. § 38-41-201, applies to "every homestead in the state of Colorado . . . ." Courts have interpreted this language as requiring that homesteads consisting of real property (or mobile or manufactured homes, or trailer or trailer coaches) be located in Colorado. *See, e.g., Withington*, 594 B.R. at 699-700 (real property located in Illinois did not qualify for Colorado homestead exemption); *Kelsey*, 477 B.R. at 874 (real property located in Florida did not qualify for Colorado homestead exemption); *In re Romero*, 533 B.R. 807, 816-17 (Bankr. D. Colo. 2015) (a truck not located in Colorado would not qualify for Colorado homestead exemption), *aff'd*, 579 B.R. 551 (D. Colo. 2016). Here, the Colorado Home was located in Colorado at the time of the sale, which satisfies the homestead location requirement.

The parties have not cited, nor has the Court found, any case to apply the location requirement to proceeds. The specific section providing a proceeds exemption, § 38-41-207, does not contain a location requirement. The Court will not require proceeds to be buried in the ground to qualify for the exemption. When interpreting a statute, the Court must "choose the reasonable result over the 'absurd' one." *Robbins v. Chronister*, 435 F.3d 1238, 1241 (10th Cir. 2006). The statute reasonably anticipates proceeds may be placed in a bank account, imposing only the requirement that the proceeds be kept separate from other funds, for tracing purposes. The Court finds no basis upon which to distinguish funds deposited in banks or credit unions that are exclusively located in Colorado, from funds deposited in national banks with Colorado locations, or from funds deposited in banks or credit unions with no Colorado locations. Exemption statutes are to be liberally construed in favor of allowing the exemption. *See* Colo. Const., Art. XVIII § 1 ("The general assembly shall pass liberal homestead and exemption laws."); *Kulp v. Zeman (In re Kulp)*, 949 F.2d 1106, 1107 (10th Cir. 1991) (interpreting Colorado exemption statute liberally). As long as the proceeds are traceable, they are exempt. *See In re Bertola*, No. 11–29140 MER, 2012 WL 1945426 (Bankr. D. Colo. May 30, 2012) (homestead proceeds converted to stock were traceable and therefore exempt). Here, the Proceeds were placed in a separate account and therefore remain exempt. The Court will therefore overrule Trustee's objection to Debtor's exemption in the Proceeds under Colo. Rev. Stat. § 38-41-207.

IV.     CONCLUSION

For the reasons discussed above, the Court finds Debtor properly claimed Colorado exemptions. Trustee's Objection will be overruled. His request for turnover will be denied as to the assets and amounts Debtor claimed exempt under Colorado law. His request will be granted as to the assets and amounts Debtor did not claim exempt, such as the Proceeds in excess of the $75,000 exemption amount held in the Coast Central Credit Union savings account on his petition date.

Accordingly,

IT IS HEREBY ORDERED that the Objection is OVERRULED, and the request for turnover is GRANTED as to all amounts in excess of the claimed exemptions and DENIED as to all other amounts.

Dated September 21, 2021    BY THE COURT:

_Kimberley H. Tyson_
Kimberley H. Tyson
United States Bankruptcy Judge